JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
JACOB H. OPERSKALSKI
Assistant United States Attorney
Nevada Bar No. 14746
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
Jacob.Operskalski@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-cr-00156-RFB-DJA |
| Plaintiff, | **Stipulation for a Protective Order Pertaining to Specific Discovery** |
| v. | |
| ADALI ARNULFO ESCALANTE-TRUJILLO, | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to the defendant, Adali Arnulfo Escalante-Trujillo, the public, or any third party not directly related to this case, any and all discovery obtained from seized devices (the "Protected Material") in this case.[1] The parties state as follows:

1.      On July 8, 2020, a Federal Grand Jury returned a twenty-one count indictment charging Escalante-Trujillo, along with twelve other codefendants, with offenses pertaining

---

[1] The parties stipulate that discovery obtained from two iPhones that were seized from Escalante-Trujillo's residence may be shown to and discussed with Escalante-Trujillo.

to a continuing criminal enterprise of narcotics sales and firearm offenses. ECF Doc. 1. Defendant had his initial appearance and arraignment on July 15, 2020. ECF Doc. 34. Escalante-Trujillo and six of his codefendants are set for trial on February 6, 2023. ECF Doc. 265.

2.      The Court issued a Protective Order in this case on October 8, 2020. ECF Doc. 148.

3.      Current counsel for Escalante-Trujillo was appointed on March 30, 2022. ECF Doc. 240.

4.      The government has produced a significant amount of disclosure to defense counsel. Counsel agrees to adhere to the terms of the previously imposed Protective Order, ECF Doc. 148, as it pertains to all materials not covered by this stipulation.

5.      The government has discovery that was obtained from searching numerous devices that were seized as part of this investigation. The Protected Material contains a significant number of personal images, including images of minors; it contains personal identifiable information, and messages and data, much of which does not appear to be relevant to this case.

6.      Because of the nature of the Protected Material, the parties intend to restrict access to the Protected Material in this case to the following individuals: the prosecution team, attorney(s) of record for Escalante-Trujillo, and any personnel that the attorneys consider necessary to assist in performing the attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals"). Escalante-Trujillo shall not review or obtain a copy of the Protected Material.

7.      Without leave of Court, the Covered Individuals shall not:

a.   make copies for, or allow copies of any kind to be made by any other person of the Protected Material in this case or permit dissemination of the Protected Material at the Southern Nevada Detention Center jail facility, or any other detention facility where Escalante-Trujillo is housed, to include leaving a copy of the Protected Material at any detention facility where Escalante-Trujillo is housed;

b.   allow any other person to watch, listen, or otherwise review the Protected Material;

c.   use the Protected Material for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

d.   attach the Protected Material to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

8.      Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Material as evidence at trial or support in motion practice. If Escalante-Trujillo proceeds to trial or any evidentiary hearing, the parties will confer to determine whether it will be necessary to revisit the terms of this Protective Order.

9.      If the parties agree, with written Government consent, that certain portions of the Protected Material may be shared with Escalante-Trujillo, the parties may do so without seeking leave of court.

10.     The parties shall inform any person to whom disclosure may be made

1    pursuant to this order of the existence and terms of this Court's order.

2       11.    The defense hereby stipulates to this protective order.

3    Respectfully submitted this 7th day of October, 2022.

4

5                                              JASON M. FRIERSON
                                               United States Attorney
6

7                                              _/s/ Jacob H. Operskalski_____
                                               JACOB H. OPERSKALSKI
8                                              Assistant United States Attorney

9
                                               _/s/ Maysoun Fletcher_____
10                                             MAYSOUN FLETCHER
                                               COUNSEL FOR ADALI ARNULFO
11                                             ESCALANTE-TRUJILLO

12

13                             **ORDER**

14   IT IS SO ORDERED.

15

16                                             _____

17                                             **RICHARD F. BOULWARE, II**
                                               **UNITED STATES DISTRICT JUDGE**

18                                             **DATE:** _October 14, 2022_.

19

20

21

22

23

24